MICHELE BECKWITH
Acting United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-00132-JAM |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER REGARDING SENSITIVE DISCOVERY MATERIAL |
| v. | |
| DEONTE DESHAWN MORGAN, | |
| Defendant. | |

**STIPULATION**

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States of America (the "government") and defendant Deonte Deshawn Morgan ("Morgan" or "the defendant") stipulate as follows:

1.     The government currently possesses discovery material identifying a minor victim in this case (the "Protected Material"). The government desires and intends to produce certain Protected Material to counsel for the defendant.

2.     The purpose of this stipulation and requested order is to establish the procedures that must be followed by defense counsel of record, any designated employees, and all other individuals who receive access to this information or these documents in connection with this case.

3.     The Protected Material produced in discovery is entrusted to counsel for the defendant only for purposes of representation of Morgan in this case. Counsel for the defendant shall not give the

Protected Material to any person other than counsel's staff assisting in litigating this case. The term "staff" shall explicitly include attorneys, paralegals, and investigators assisting counsel for Morgan in the present case and exclude any other defendant in this case, or any other pending case against the defendant, any other counsel hired, retained, or otherwise working on behalf of the defendant, or any other person other than those specifically described in this paragraph.

4. Any person receiving access to the Protected Material from counsel for the defendant shall be bound by the same obligations as defense counsel and, further, may not give the Protected Material to anyone.

5. If hard copies of the Protected Material are produced or generated, counsel for the defendant shall not make any copies, duplicates, or recordings of the Protected Material. If hard copies of the Protected Material are produced or generated, counsel for the defendant may, however, take written or typed notes summarizing the Protected Material and, if necessary to the litigation of the instant matter, may have the Protected Material transcribed.

6. Counsel for the defendant shall maintain a list of persons to whom any portions or copies of the Protected Material are being or have been given. Such persons shall be provided with a copy of this stipulation and proposed order and shall sign their full names to a copy of the stipulation and agree to be bound by the order and note that they understand its terms and agree to them by signing.

7. Counsel for the defendant may use any and all of the Protected Material in the defense of Morgan in the instant case in any manner deemed essential to adequately represent the defendant (*i.e.*, in motions that are filed under seal, if necessary; in *ex parte* applications as may be needed; and in reproducing and summarizing the Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with the proposed order as it shall be originally prepared and signed. In the event defense counsel needs to use the Protected Material in a manner not authorized under the requested order, counsel shall be entitled to seek to have the order amended by the Court after giving notice to counsel for the government in a hearing before the Court.

8. Counsel for the defendant is authorized to discuss with Morgan the contents of the Protected Material. Counsel for the defendant and any members of defense counsel's staff, however, are prohibited from, in any way, giving to the defendant:

a) Any of the Protected Material itself;

b) Copies of the Protected Material;

c) Copies of excerpts of the Protected Material; or

d) Summaries of the Protected Material.

9. The above prohibition will not extend to the defendant viewing the Protected Material in open court should any of these materials or summaries of these materials be used in the litigation of this case.

IT IS SO STIPULATED.

Dated: June 25, 2025  MICHELE BECKWITH
Acting United States Attorney

/s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney

Dated: June 25, 2025  /s/ DOUGLAS BEEVERS
DOUGLAS BEEVERS
Counsel for Defendant
DEONTE DESHAWN MORGAN

### [PROPOSED] ORDER

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the Protected Material as defined in the stipulation in this case.

Dated: June 26, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE