HEATHER E. WILLIAMS, Bar # 122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
DEONTE MORGAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>DEONTE MORGAN,<br>Defendant. | Case no.: 2:25-CR-00132-JAM<br>**AMEDNED MOTION TO REOPEN THE DETENTION HEARING**<br>Date: July 31, 2025<br>Time: 2:00 p.m.<br>Judge: Hon. Carolyn Delaney<br>**No Interpreter Case** |

Defendant, DEONTE MORGAN MORGAN, by Heather E. Williams, Federal Defender, by Douglas Beevers, Assistant Federal Defender, hereby moves the Court to reopen the detention hearing to consider releasing the defendant with conditions including electronic monitoring, a third-party custodian and an unsecured bond. The defense has received new evidence that supports release on conditions, including an offer from his brother to act as secured party.

## I. Legal Standard

The detention hearing may be reopened at any time before trial:

> If the judicial officer finds that information exists that was not known to the movant at the time of the (detention) hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. §3142(f).

## II. New Facts Relevant to Detention Issues

The defendant brought for his initial appearance on May 30, 2025 and the Honorable Jeremy Peterson ordered him detained based on three factors (1) that the case involved a minor victim (2) the weight of the evidence against the defendant and (3) that there was a lack of financially responsible surety. ECF 11 p. 3. Defense has new evidence on two of the three prongs.

First as to the weight of the evidence, discovery received after May 30, 2025 includes a statement by the victim who told police she was 16, but insisted that she told the defendant she was 19 and showed him false identification documents. Defendant also made a statement to police that she told him she was 19. These facts support a triable issue in the case as to whether the defendant can show that he did not know the victim was a minor and could not reasonably have learned she was a minor. *See United States v. U.S. District Ct. for the Central District of California*, 858 F.2d 534 (9th Cir. 1988)(allowing a mistake of age defense). A defendant with a defense has a reasonable incentive to appear for trial, since that it is the only possible means he has to avoid the harsh life-time consequences of having a sex offense conviction. The defendant has no prior history of sex offense charges or convictions.

Mr. Morgan's half-brother Davontre Thompson has agreed to sign a $50,000 unsecured bond and has agreed to act as third-party custodian. Mr. Thompson works at Pepsi Co. and grew up with the defendant for his entire life. The defendant was originally charged in state court with the conduct which forms the basis of the charges in this case. First, he was released on a furlough and returned without incident and eventually was release on conditions. The defendant lived with his brother for five months while awaiting trial on the state charges. Mr. Thompson reports that the defendant complied with all the terms of his state release. The defendant's state charges exposed him to a similar risk of incarceration if convicted as he would face under the

U.S. Sentencing Guidelines if he were convicted at trial of the charges he is now facing in his federal indictment.

In Mr. Morgan's initial pretrial interview in Los Angeles the interviewing officer determined that release conditions could be set. Defense believes the home confinement with electronic monitoring would be sufficient.

SUBMITTED: July 11, 2025.

HEATHER E. WILLIAMS
Federal Defender

*/s/ Douglas Beevers*_________
DOUGLAS BEEVERS
Assistant Federal Defender
Attorney for Defendant